STATE OF NORTH CAROLINA v. HERMAN NICKERSON

No. 615PA82

(Filed 3 May 1983)

1. **Appeal and Error § 45; Criminal Law § 166— stenographic transcript in lieu of narration—necessity for appendix to brief**

　　Whenever a stenographic transcript is used pursuant to Appellate Rule 9(c)(1) in lieu of narrating the evidence, Appellate Rule 28(b)(4) only requires setting out in an appendix to the brief the verbatim portions of the transcript necessary for an understanding of each question presented and does not require the appellant to include all of the evidence necessary for a determination of the questions presented. Furthermore, Appellate Rule 28(b)(4) only pertains to testimonial evidence given at trial, and other items such as jury instructions should be contained in the record on appeal.

2. **Appeal and Error § 45; Criminal Law § 166— stenographic transcript in lieu of narration—assignment of error to the charge—no necessity for appendix to brief**

　　Where appellant's only assignment of error pertained to the instructions, the material from the transcript necessary for an understanding of the question presented was included in the body of the brief, and the jury instructions were reproduced verbatim in the printed record on appeal, it was not necessary for appellant to include more in an appendix to the brief.

ON review of the decision of the Court of Appeals, 59 N.C. App. 236, 296 S.E. 2d 298 (1982), dismissing the defendant's appeal. The Court of Appeals held that the defendant violated Rule 9(c)(1) and Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure [hereinafter "Rules"]. The defendant's petition for discretionary review was allowed by this Court on 7 December 1982.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Fred R. Gamin, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Ann B. Petersen, for defendant appellant.*

MITCHELL, Justice.

The defendant presents two assignments of error to this Court. In addition to reviewing the Court of Appeals' dismissal of his appeal, the defendant requests that we reach the merits of the assignment of error he sought to present to the Court of Appeals. For the reasons stated below, we hold that the Court of Appeals improperly dismissed the defendant's appeal. Since the issue raised by the defendant in the Court of Appeals was never reached by that Court, we remand defendant's appeal for a determination on the merits of the case. Therefore, we find it unnecessary to review the merits of the defendant's second assignment of error.

A statement of the facts of this case, other than the procedural history, is unnecessary for the purposes of this opinion. The defendant was convicted of murder in the second degree at the 20 April 1981 Criminal Session of Superior Court, Franklin County. On 16 December 1981, the Court of Appeals allowed the defendant's petition for a Writ of Certiorari. The defendant's appeal was docketed in the Court of Appeals on 8 March 1982. The defendant's only assignment of error was that the trial court erred by failing to instruct the jury that they need not be unanimous on the theory of manslaughter in order to return a verdict of guilty of manslaughter. On 19 October 1982, the Court of Appeals dismissed the defendant's appeal for failure to comply with Rules 9(c)(1) and 28(b)(4).

On appeal, the defendant filed the complete stenographic transcript of the evidence in the trial pursuant to Rule 9(c)(1).

When this alternative is selected on appeal, the parties are required to comply with Rule 28(b)(4). As effective at the time this case was docketed in the Court of Appeals,\* Rule 28(b)(4) was as follows:

> If pursuant to Rule 9(c)(1) appellant utilizes the stenographic transcript of the evidence in lieu of narrating the evidence as part of the record on appeal, the appellant's brief must contain an appendix which sets out verbatim those portions of the certified stenographic transcript which form the basis for and are *necessary to understand* each question presented in the brief. (Emphasis added.)

The defendant included in the body of the brief the challenged portion of the jury instructions verbatim. The entire instructions were set out in the record and were referred to by page number by the defendant and the State in their briefs. In lieu of an appendix, the defendant stated: "The defendant has determined that an appendix is unnecessary due to the fact that the only issue raised on appeal is the inadequacy of the instruction on unanimity and the instruction given is quoted in the body of the brief in its entirety."

[1] Rule 28(b)(4) only requires setting out the verbatim portions of the transcript necessary for an *understanding* of each question presented. The rule does not require the appellant to include all of the evidence necessary for a *determination* of the questions presented. It is apparent that a review of the entire jury instructions would be necessary for a final decision of the present case, but the challenged portion of the instruction that was included verbatim in the body of the brief was sufficient to provide an understanding of the question presented by the assignment of error.

From the Court of Appeals' opinion, it is unclear what the appellant should have included in the appendix in order to comply with that Court's interpretation of the Rules. The Court noted that the assignment of error "requires a careful examination of the trial record including the trial court's instructions to the jury." The Rule only pertains to testimonial evidence given at

---

\* Rule 28(b)(4) was amended on 12 January 1981 effective for all appeals docketed after 15 March 1982.

trial; other items such as jury instructions should be contained in the record on appeal. *See* Commentaries following Rules 9 and 28, N.C. Rules App. Pro. The Rule only requires the inclusion of the portions of the transcript necessary to understand, not decide, the question. Any other interpretation would require many appellants, especially those who question the sufficiency of the evidence, to include a verbatim copy of the entire transcript in the appendix to the brief.

By this opinion we do not mean to encourage appellants to use less than due diligence in following the Rules. Indeed, it is usually the safer and wiser course to do more than meet the minimum requirements.

[2] In the case *sub judice,* the material from the transcript necessary for an understanding of the questions presented was included in the body of the brief. The jury instructions were reproduced verbatim in the printed record on appeal. To include more in the appendix would have been unnecessary and redundant and is not required by the Rules.

For the foregoing reasons, the decision of the Court of Appeals is reversed and the case is remanded to that Court with instructions that it reinstate the defendant's appeal and proceed to a determination on the merits.

Reversed and remanded.